DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

MARIANINA OIL CORP.,

Chapter 11
Case No. 20-23070

Debtor.
------------------------------------------------------------X

## DECLARATION OF FRANK CODELLA PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

FRANK CODELLA, under penalties of perjury, hereby declares and states as follows:

1. I am the President and sole shareholder of the above captioned debtor (the "Debtor") and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

# PART I

## **BACKGROUND**

2. The Debtor is the owner of commercial real property located at 34 East Post Road, White Plains, New York (the "Property"). The Property was historically operated by predecessor owners as well as tenants of the Debtor as a gasoline and repair station but has been inactive and unused for the last several years.

3. The Debtor acquired the Property from Northville Industries, successor owner to BP Products North America Inc. ("BP"), in approximately 1985. Unbeknownst to the Debtor at the time, the Property was environmentally contaminated.

4. After discovering the contamination, the Debtor demanded remediation and/or remuneration from BP, which resulted in a settlement between the parties wherein BP paid the Debtor $50,000 and in consideration therefor the Debtor indemnified BP from all future claims related to the contamination.

5. In or about 1996, the Debtor remediated the Property and the NYS Department of Environmental Conservation ("DEC") issued closure documentation. At that point, the Debtor assumed the Property was now clean and fully remediated.

6. The Debtor thereafter leased out the gas station to third parties until 2018.

7. However, in 2016-2017 White Plains Housing Authority, the owner of the adjacent property, claimed that its property had been contaminated by, inter alia, the Debtor and in 2017 commenced an action in the Southern District of New York (the "District Court Action") initially against only BP but ultimately added the Debtor to the action.

8. As a result of the District Court Action, BP has asserted an indemnification claim against the Debtor.

9. In addition, in 2017 the DEC commenced a new administrative proceeding against the Debtor, resulting initially in a consent order which DEC claims the Debtor has not fully complied with. The administrative proceeding is still ongoing.

10. Recently, the City of White Plains has indicated that it is interested in condemning the Property by eminent domain as part of a redevelopment of the area in which the Property is situated in White Plains.

11. The Property, despite the fact that it requires additional remediation, still has a considerable market value.

12. However, the Debtor has no monies or working capital to continue to defend the pending proceedings or further remediate the Property.

13. Accordingly, it seeks the protection of the Bankruptcy Court so that it may move towards a sale of the Property to either the City of White Plains or such other and higher bidder, with the proceeds of such sale to be distributed to the Debtor's creditors once their claims are fully adjudicated or resolved.

14. The Debtor will utilize the Chapter 11 process to sell the Property and liquidate the claims of the creditors so that a Plan of Reorganization can be filed within a reasonable amount of time. The Debtor is confident that proceeding in Chapter 11 is in the best interest of the Debtor, its estate and the creditors as a whole.

15. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as a debtor-in-possession under Chapter 11 until a plan can be formulated and presented to creditors.

## PART II

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

11. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

12. The Debtors' property is located at 34 East Post Road, White Plains, NY 10601. The Debtor owns the real property situated there.

**Local Rule 1007-2(a)(2)**

13. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

14. Upon information and belief, no committee was organized prior to the order for relief in these Chapter 11 cases.

**Local Rule 1007-2(a)(4)**

15. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

16. The Debtor has one (1) secured creditor: the City of White Plains in the estimated outstanding amount of $15,000 for unpaid real estate taxes.

**Local Rule 1007-2(a)(6)**

17. A summary of the Debtor's assets and liabilities is annexed hereto as **Schedule II.**

4

**Local Rule 1007-2(a)(7)**

18. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

19. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

20. The Debtor does not lease any property or assets. The Debtor is party to a conditional lease with Sal Jemal, wherein Mr. Jemal has agreed to lease the Property upon it being environmentally remediated.

**Local Rule 1007-2(a)(10)**

21. The Debtor's books and records are located at 131 Hale Avenue, white Plains, NY 10605.

**Local Rule 1007-2(a)(11)**

22. Annexed hereto as **Schedule III** is a list of all outstanding litigation involving the Debtor.

**Local Rule 1007-2(a)(12)**

23. The Debtor is managed by Frank Codella, its President.

**Local Rule 1007-2(b)(1) and (2)**

24. The Debtor has no employees.

25. The Debtors' estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $0.

26. The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

27. A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2020

/s/ *Frank Codella*
Frank Codella

SCHEDULE I

## 20 LARGEST UNSECURED CREDITORS

See attached

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Marianina Oil Corp. | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK | |
| Case number (if known): | | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| BP Products North America Inc. c/o Devaprasad PLLC Attn: Sadhanand Devaprasad, Esq. 119 Washington Avenue Albany, NY 12210 | | | Unliquidated Disputed | | | $1,700,000.00 |
| NYS Dept. of Environmental Conservation Office of the General Counsel Attn: Deborah Gorman, Esq. 625 Broadway, 14th Floor Albany, NY 12233-1500 | | | Unliquidated Disputed | | | $0.00 |
| White Plains Housing Authority c/o N.W. Bernstein & Associates, LLC 800 Westchester Ave., Ste. N319 Rye Brook, NY 10573 | | | Unliquidated Disputed | | | $12,500,000.00 |

SCHEDULE II

SUMMARY OF ASSETS AND LIABILITIES

ASSETS:

| | |
|---|---|
| Land and Building | $1,600,000 |
| TOTAL ASSETS: | $1,600,000 |

LIABILITIES:

| | |
|---|---|
| Real Estate Taxes | $15,000 |
| BP Disputed Claim | $1,700,000 |
| White Plains Housing Authority (Disputed) | $12,500,000 |
| NYSDEC Claim | Unknown |
| TOTAL LIABILITIES: | $14,215,000 |

SCHEDULE III

LIST OF LITIGATION

1. *White Plains Housing Authority v. BP Products North America, Et Al.*, United States District Court, SDNY. Index No. 17-06250-NSR-JCM.

2. *In the Matter of the Alleged Violations of Article 3, 17 and 71 of the New York State Environmental Conservation Law v. Marianina Oil Corp.*, Administrative Proceeding, Case No. 16-08924.11.2018

## 30 DAY ESTIMATED INCOME AND EXPENSES

INCOME: $0

EXPENSES:

RE Taxes (Pro Rated)     $2,500
Insurance (Pro Rated)     $333.33